UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

UNITED STATES OF AMERICA
        Plaintiff

v.                                    Case No. 5:22−cr−00064−TES−CHW

SKEETER EUGUENE WEEKS
        Defendant.

## *STANDARD PRETRIAL ORDER*

      The above−named defendant(s) having been arraigned this date in open Court, it is thereupon ORDERED that on or before thirty (30) days from the date of this Order, the parties shall confer and the following shall be accomplished:

1. The government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the government:

   a. Written or recorded statements made by the defendant and any statement(s) made by a co−defendant or co−conspirator who will be a government witness as required by the Jencks Act, 18 U.S.C, § 3500. It is the Court's policy that all such material covered by the Jencks Act shall be provided no later than the day before the anticipated testimony of the witness;

   b. The substance of any oral statement made by the defendant before or after his/her arrest in response to interrogation by a then known−to−be government agent which the government intends to offer into evidence at trial;

   c. Recorded grand jury testimony of the defendant relating to the offenses charged;

   d. The defendant's arrest and conviction record(s);

   e. Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant;

   f. Results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case.

2. The defendant shall permit the government to inspect and copy the following items, or copies thereof, or supply copies thereof, which are within the possession, custody or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant:

   a. Books, papers, documents, photographs, or tangible objects which the defendant intends to introduce as evidence in chief at trial;

   b. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof;

   c. If a defendant intends to rely upon the defense of insanity at the time of the alleged crime, or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing upon the issue of whether he had the mental state required for the offense charged, he shall give written notice thereof to the government.

3. If the defendant elects not to provide discovery to the government under any provision of this order or rule, the defendant shall notify the government within five days of the entry of this order and in any event prior to disclosure by the government of its discovery materials.

4. The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), and *Kyles v. Whitley*, 514 U.S. 419 (1995). This includes any statement made by a co−defendant or co−conspirator who will be a government witness and which will be favorable to the defendant.

5. The government shall disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959).

6. The government shall supply the defendant with a record of prior convictions of any alleged informant who will testify for the government at trial.

7. The government shall state whether the defendant was identified in any lineup, showup, photospread, or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

8. The government shall advise the defendant of its intention to introduce extrinsic act evidence pursuant to Federal Rules of Evidence Rule 404(b). The government shall provide notice regardless of how it intends to use the extrinsic act evidence at trial, i.e. during its case−in−chief, for impeachment, or for possible rebuttal. Furthermore, the government shall apprise the defense of the general nature of the evidence of extrinsic acts.

9. The government shall state whether the defendant was an aggrieved person, as defined in 18 U.S.C. § 2510(11), of any electronic surveillance, and if so, shall set forth in detail the circumstances thereof.

10. The government shall have transcribed the grand jury testimony of all witnesses who will testify for the government at the trial of this case, and provide the same to counsel for the defense no later than the day before such witness is called to testify.

11. Upon request, the government shall permit the defendant, his/her counsel, and any experts selected by the defense to inspect any vehicle, vessel, or aircraft allegedly utilized in the commission of any offense(s) charged. Government counsel shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been ordered by the Court.

12. Upon request, the government shall disclose to the defendant a written summary of testimony the government reasonably expects to offer at trial under Federal Rules of Evidence Rules 702, 703, or 705. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. If the defendant seeks and obtains discovery under this paragraph, the defendant shall, upon request of the government, disclose to the government a written summary of testimony the defendant reasonably expects to offer at trial under Federal Rules of Evidence Rules 702, 703, or 705, describing the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.

13. The parties shall make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite the trial.

It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this Order. Upon a sufficient showing and a motion properly filed, the Court may at any time order that the discovery

or inspection provided for by this Order be denied, restricted, deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make every good effort to comply with the letter and spirit of this Order.

Motions to enforce the provisions of this Order or to address issues not covered by this Order must be filed at least fourteen (14) days prior to the pretrial conference. Additionally, the issues contained in such motions must be raised at the pretrial conference or they will be deemed waived.

Local Criminal Rule 57 and Eleventh Circuit Rule 46–10 set out the requirements of the Court in regard to representation of criminal defendants by retained counsel. Local Criminal Rule 57(d) states:

> (1) In every criminal case retained defense attorneys shall make fee and other necessary financial arrangements satisfactory to themselves and sufficient to provide for representation of the client until the conclusion of the client's case. For purposes of this rule, a client's case is not concluded until his direct appeal, if any, is finally decided.
>
> (2) Defense attorneys in criminal cases may not, except in extraordinary circumstances, withdraw from the representation of a client because of the client's failure to pay a fee or otherwise comply with the financial agreement with the attorney, after fourteen (14) days from arraignment.
>
> (3) If a defendant moves the court to proceed on appeal *in forma pauperis* and/or for the appointment of Criminal Justice Act appellate counsel, or if defense counsel moves for permission to withdraw citing extraordinary circumstances, the retained attorney will be required to disclose *in camera* the total amount of fees and costs received from every source; by whom the fees and costs were paid; and the costs actually incurred and services actual rendered.

Likewise, Eleventh Circuit Rule 46–10(a) explains that "[r]etained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court."

Except in extraordinary, unforeseen circumstances, counsel must strictly adhere to these Rules. If extraordinary circumstances exist such that retained counsel requests removal from a case on appeal, counsel should file a motion with the Court explaining such circumstances. The Court will consider the motion and determine whether counsel should be relieved of his duty to represent his client on appeal.

The Court also expects attorneys having matters on calendars, or who are otherwise directed to be present, to be in court at the call of the matter and to remain until adjournment, unless excused by the Court. Failure of any attorney to appear on time or to remain until excused shall subject that attorney to the contempt powers of the Court.

The Court reminds counsel that it will be the responsibility of attorneys in criminal cases, whether retained or court appointed, to notify the Court of the need for an interpreter before each conference, hearing or trial. Specifically, counsel will either telephone or email the courtroom deputy for the magistrate judge or district judge who will be conducting the proceeding. For defendants or witnesses who speak Spanish, this notice must be given to the courtroom deputy at least 48 hours in advance of any hearings and at least 30 days in advance of a trial. If the non−English speaking defendant or witness speaks a language other than Spanish, defense counsel should notify the courtroom deputy at least seven (7) days in advance of a hearing and 30 days in advance of a trial. Counsel are advised not to file motions for appointment of interpreters.

*SO ORDERED* The 13th of January 2023.

s/ CHARLES H WEIGLE
US MAGISTRATE JUDGE